United States District Court

For the Northern District of California

1

2

3

4

5                                    **NOT FOR CITATION**

6                        IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    GRAPHON CORPORATION,

10              Plaintiff,                         No.  C 10-1412 JSW

11     v.                                          **ORDER GRANTING**
                                                   **DEFENDANTS JUNIPER**
12   JUNIPER NETWORKS, INC., et al.,               **NETWORKS, INC.'S AND**
                                                   **JUNIPER NETWORKS (US),**
13              Defendants.                         **INC.'S MOTION TO STAY**

14   _____/

15

16                                    **INTRODUCTION**

17          Now before the Court for consideration is the Motion to Stay filed by Defendants

18   Juniper Networks, Inc. ("Juniper") and Juniper Networks (US), Inc. ("Juniper US")

19   (collectively "the Juniper Defendants").  The Court has considered the parties' papers, relevant

20   legal authority, and the record in this case, and finds this matter suitable for disposition without

21   oral argument.[1]  *See* N.D. Civ. L.R. 7-1(b).  The Court HEREBY GRANTS the Juniper

22   Defendants' motion on the conditions set forth in this Order.

23                                    **BACKGROUND**

24          On March 16, 2009, Juniper filed suit against Plaintiff Graphon Corporation and

25   Vertical Marketing, Inc. in the United States District Court for the Eastern District of Virginia.

26   (Docket No. 1.)  On May 1, 2009, Graphon filed a counterclaim and a third party complaint

27   against Juniper and Juniper US, in which it alleged that they infringe United States Patent Nos.

28   _____

          [1]      Plaintiff's Opposition Brief exceeds this Court's page limitations.  *See*
     General Standing Order ¶ 7.  The parties are HEREBY ADVISED that if they fail to comply
     with these page limitations in the future, the Court shall strike the offending briefs from the
     record.

1    7,249,378 (the "'378 Patent"), 7,269,847 (the "'847 Patent"), 7,383,573 (the "'573 Patent"), and

2    7,424,737 (the "'737 Patent").[2]  (Docket No. 20.)  Juniper successfully moved to sever and

3    transfer Graphon's counterclaims to the United States District Court for the Eastern District of

4    Texas, where a related case was then pending.  (Docket Nos. 27-28, 57.)  Thereafter, the Juniper

5    Defendants successfully moved to transfer the case to this District.  (Docket Nos. 63, 78.)

6          On August 6, 2010, the Juniper Defendants filed an *Inter Partes* Reexamination Request

7    of the '378 Patent in the United States Patent and Trademark Office ("USPTO").  On August

8    30, 2010, the Juniper Defendants filed an *Inter Partes* Reexamination Request of the '847

9    Patent, and they assert that they intend "in the near future " to file similar requests for the

10   remaining patents-in-suit.  (Reply Br. at 2:2-3, 10:23-25.)

**ANALYSIS**

**A.    Legal Standards Applicable to a Motion to Stay Proceedings Pending Reexamination.**

14         The patent reexamination statute provides in pertinent part that "[a]ny person at any time

15   may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of

16   any prior art cited under the provisions of section 301."  35 U.S.C. § 302.  The USPTO must

17   "determine whether a substantial new question of patentability affecting any claim of the patent

18   concerned is raised by the request . . . ."  35 U.S.C. § 303(a).  The reexamination statute further

19   provides that "[a]ll reexamination proceedings . . . including any appeal to the Board of Patent

20   Appeals and Interferences, will be conducted with special dispatch."  35 U.S.C. § 305.

21         The determination of whether to grant a stay pending the outcome of the USPTO's

22   reexamination is soundly within the Court's discretion.  *See In re Cygnus Telecom. Tech., LLC

23   Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Patlex Corp. v. Mossinghoff*,

24   758 F.2d 594, 603 (Fed. Cir. 1985)).  When ruling on such a stay, courts consider several

25   factors: (1) the stage of the litigation, including whether discovery is or will be almost

26   completed and whether the matter has been marked for trial; (2) whether a stay will unduly

27

28         [2]    In the parties' Joint Case Management Statement, Graphon noted that it is
     considering amending its counterclaim to exclude the '573 Patent.  (Docket No. 106 (Joint
     Case Management Statement at 5:24-6:1).)

**United States District Court**
For the Northern District of California

1   prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify

2   the issues in question and streamline the trial, thereby reducing the burden of litigation on the

3   parties and on the court.  *Id.*  There is a "liberal policy in favor of granting motions to stay

4   proceedings pending the outcome of USPTO reexamination or reissuance proceedings."  *ASCII*

5   *Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  On balance, the Court

6   finds these factors weigh in favor of staying this case.

7   **B.      A Ruling on the Motion is Not Premature.**

8          In its opposition brief, Graphon argues that because the USPTO had not granted the one

9   request that had been made at the time it filed is opposition, a ruling on this motion is

10   premature.  *See, e.g., Tokuyama Corp. v. Vision Dynamics, LLC*, 2008 WL 4532565, at *1

11   (N.D. Cal. Oct. 9, 2008) (holding that staying litigation before the PTO has granted the

12   defendant's request for reexamination could constitute prejudice).  However, other courts have

13   granted stays before the USPTO has issued a reexamination order.  *See, e.g.*, *Ho Keung Tse v.*

14   *Apple Inc.*, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007); *ASCII*, 844 F. Supp. at 1380.

15          Furthermore, the USPTO liberally grants reexamination orders in over 95% of requests

16   for *inter partes* reexamination.  (Declaration of Rebecca L. Clifford in Support of Motion to

17   Stay ("Clifford Decl."), ¶ 6, Ex. 5.)  While it is not certain, it is highly likely the USPTO will

18   grant the request for reexamination.  The Court finds that it is not premature to stay this

19   litigation even though the USPTO has not yet decided whether to grant the requests for

20   reexamination.

21   **C.      The Applicable Factors Weigh in Favor of Staying this Litigation.**

22          **1.      This litigation still is in the early stages.**

23          The early stage of a litigation weighs in favor of granting a stay pending reexamination.

24   *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal.

25   1995) (holding that the absence of "significant discovery" or "substantial expense and time . . .

26   invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844

27   F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case

28   had not yet been set for trial).  The Juniper Defendants argue that this case is in the early stages

**United States District Court**
For the Northern District of California

3

United States District Court

For the Northern District of California

1   of litigation and contend the parties "have conducted virtually no discovery and invested

2   minimal amounts in this litigation." (Mot. to Stay at 6:23-24.) Graphon argues that, in fact, the

3   proceedings are more advanced than Juniper presents them to be and that the parties have

4   expended substantial time and expenses since Juniper filed this case in the Eastern District of

5   Virginia.

6       It is true that both motions to transfer and matters pertaining to the discovery schedule

7   were contested. (*See* Declaration of Melissa Barnard ("Barnard Decl."), ¶ 6; Docket Nos. 27-

8   28, 36, 40, 43-46, 52, 63, 75-77.) Further, the District Court in Virginia entered an Order

9   adopting the parties' Amended Discovery plan on June 15, 2009. (Docket No. 54.) However,

10  the parties have proposed that a new discovery plan be entered now that the case has been

11  transferred to this District. (Joint Case Management Statement at 6:17-25.) The Court

12  acknowledges that the parties have expended more time and energy on this case than they might

13  have absent the motion practice regarding severance and transfer. However, this Court has yet

14  to enter a scheduling order, and the parties have yet to propound any discovery requests upon

15  one another. *See, e.g., Orinda Intellectual Properties USA Holding Grp. v. Sony Electronics,*

16  *Corp.,* 2010 WL 3184375, at *2 (N.D. Cal. Aug. 11, 2010) (finding factor weighed in favor of

17  stay where "little or no discovery (other than Rule 26 disclosures) has been exchanged, the

18  initial case management conference in this district has not occurred, and no claim construction

19  or summary judgment proceedings have been scheduled " and concluding that "despite the time

20  since filing, this case is in its early stages "); *Yodlee, Inc. v. Ablaise Ltd.*, 2009 WL 112857, at

21  *3-*4 (N.D. Cal. Jan. 16, 2009) (finding that this factor weighed in favor of stay,

22  notwithstanding the fact that the case had been pending almost three years and where motion

23  was filed shortly before *Markman* proceedings were to begin).

24      Accordingly, the Court concludes that this factor weighs in favor of a stay.

25      **2.     A stay will not unduly prejudice Graphon.**

26      In determining whether to grant a stay, courts also consider any resulting undue

27  prejudice on the nonmoving party. *See In re Cygnus Telecomm.*, 385 F. Supp. 2d at 1023;

28  *Affinity Labs of Texas v. Apple, Inc.*, 2010 WL 1753206, at *2  (N.D. Cal. Apr. 29, 2010).

4

United States District Court

For the Northern District of California

1    Graphon argues that it will be prejudiced because of the delay caused by the reexamination

2    process in that evidence will degrade and erode.  However, the delay inherent to the

3    reexamination process does not generally, by itself, constitute undue prejudice.  *Telemac Corp.*

4    *v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).  In that case, the court

5    concluded that the plaintiff would be prejudiced because the record showed the defendants

6    might lack resources to compensate the plaintiff in event of a finding of infringement.  In

7    addition, the USPTO had rejected the reexamination requests because the requests lacked

8    necessary elements.  *Id.*  That is not the case here.  Nor is this a case where the Juniper

9    Defendants filed their motion on the eve of trial.  *Cf. Agar Corp., Inc. v. Multi-Fluid, Inc.,* 983

10   F. Supp. 1126, 1128 (S.D. Tex.1997) (finding that "courts are inclined to deny a stay when the

11   case is set for trial and the discovery phase has almost been completed").

12        Graphon also argues that the Juniper Defendants unduly delayed in seeking

13   reexamination by waiting to file them until the case was transferred to this District, which it

14   contends demonstrates dilatory conduct on their part.  The Juniper Defendants do not suggest

15   that they lacked the information necessary to file the requests.  However, they argue that the

16   parties had been focused on preparing an earlier filed case for trial and that they filed their

17   requests for reexamination once it was apparent that the parties would not mutually agree to

18   stay all litigation between them.  The Juniper Defendants also contend that it was Graphon's

19   tactical decision to file this lawsuit in an improper venue, which necessitated delay associated

20   with the motions to transfer.

21        It is clear to this Court from the parties' papers that their relationship is acrimonious and

22   it may be that both parties have engaged in some tactical maneuvers.  On balance, however, the

23   Court finds that this factor weighs slightly in favor of staying the case.

24        **3.    A stay will simplify the issues, streamline the trial, and reduce the burden of litigation on both the parties and the court.**

25

26        As addressed, the USPTO grants *inter partes* reexamination orders in over 95% of cases.

27   According to the USPTO, 49% of all *inter partes* reexamination proceedings result in all claims

28   being canceled, and 92% of reexamination proceedings result in either canceled or amended

**United States District Court**
For the Northern District of California

1   claims.  (Clifford Decl., Ex. 5.)  "[W]aiting for the outcome of the reexamination could

2   eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by

3   providing the court with expert opinion of the PTO and clarifying the scope of the claims."

4   *Target Therapeutics*, 33 U.S.P.Q. 2d at 2023; *see also Gould v. Control Laser Corp.*, 705 F.2d

5   1340, 1342 (Fed. Cir. 1983); *Pegasus Devel. Corp. v. DirectTV, Inc.*, 2003 WL 21105073, at

6   *1-2 (D. Del. May 14, 2003) (noting the benefits of granting a stay pending reexamination

7   include potentially narrowing the issues, reducing the complexity and length of trial, alleviating

8   discovery problems relating to prior art, and encouraging settlement or even dismissal if the

9   patent is declared invalid).

10         Because it is likely that the USPTO will grant the requests to reexamine the patents-in-

11   suit, the Court finds that this factor weighs in favor of a stay, which will simplify the issues and

12   streamline the trial, thereby reducing the burden on, and preserving the resources of both the

13   parties and the Court.

14                                         **CONCLUSION**

15         For the foregoing reasons, the Court GRANTS the Juniper Defendants' motion to stay.

16   However, if the Juniper Defendants do not file reexamination requests of the '737 Patent and

17   the '573 Patent within twenty-one (21) days of the date of this Order, and if Graphon in good

18   faith intends to pursue its claims on the latter patent, the Court shall lift the stay as to those two

19   patents.  It is FURTHER ORDERED that the parties shall file Joint Status Reports to the Court

20   regarding the status of the reexamination proceedings every 120 days from the date of this

21   Order until the stay is to be lifted.

22         **IT IS SO ORDERED.**

23   Dated:  September 13, 2010

24                                                   JEFFREY S. WHITE
                                                    UNITED STATES DISTRICT JUDGE

25

26

27

28